## THE VISCOUNT.

*(District Court, E. D. New York. February 21, 1882.)*

1. SHIPPING—DAMAGE TO CARGO BY SWEATING—NEGLIGENCE.
   A shipper of skins for a voyage, such as from Calcutta to New York, is chargeable with knowledge that moisture in the air of the hold of the vessel is one of the perils to which his goods may be exposed, and if he omits the precaution to protect them he assumes the risk of the moisture being insufficient to damage his goods.

2. SAME—STOWAGE OF SKINS.
   Under the stringer of an iron ship, in the between-decks, is a proper place for the stowage of skins when so dunnaged as to be fully protected from the moisture on the sides of the ship.

In Admiralty.

*Adrian Bush,* for libellants.

*Beebe, Wilcox & Hobbs,* for respondent.

BENEDICT, D. J. This is an action to recover of the ship Viscount the amount of damages to a shipment of goat skins caused by the sweat of the hold. The skins were shipped at Calcutta, to be transported thence to New York. On the voyage home, when off Hatteras, the vessel fell in with very cold weather. The thermometer fell from

87 to 43 deg. in from 12 to 24 hours. This extraordinary change caused great condensation of moisture in the hold, so that, according to the master, steam came out of the ventilators as if a boiler were blowing off, and icicles were hanging to the beams when the hold was opened in New York. The consequence of this excessive sweating of the hold was that the skins in question were damaged by moisture so as to be of little value. This damage the consignee now seeks to recover of the ship. The bill of lading is in the ordinary form, containing the ordinary exception of losses arising from perils of the seas.

It being conceded that the damage in question arose from sweat of the hold, in view of the decisions declaring sweat of the hold to be a peril of the seas, the libellant, in order to maintain his action, must show that the damage would not have occurred if reasonable care had been exercised by the carrier in the stowage of the goods. The case, then, is in substance an action for negligence, and the burden of proof is upon the libellant.

Negligence in several particulars is charged. First, that the skins were placed in the top tier of cargoes in the between-decks. It is proved that the skins were stowed in the between-decks, and in the top tier, but in that I find no negligence. Upon the evidence the top tier of cargo in the between-decks must be held to be a proper place to stow skins.

It is next said the skins were stowed in the wings under the stringer of an iron ship, and that such place was unfit for the stowage of skins, owing to the excess of moisture likely there to accumulate. The proof is that the skins were stowed in the wings and under the stringer of an iron ship; that they were so dunnaged as to be fully protected from moisture on the sides of the ship; that matting was placed on top of them, and that the damage was caused by moisture dripping from above upon the skins. But it is not proved to my satisfaction that the amount of drip at the place where these skins were stowed was to be reasonably expected to be so excessive as to render it an unfit place to stow skins. On the contrary, the evidence is that in this and other iron ships skins have often been stowed under the stringer and arrived uninjured; that sweat prevailed throughout the hold; and that the excessive moisture to which these skins were subjected was not caused by any want of care in ventilating the hold, nor from the circumstance that the skins were under the stringer.

Again, it is said the skins should have been protected by sweat-boards. Such boards have sometimes been used to protect cargo from sweat, but the precaution is not usual, nor does it seem to have been so effective as to cause the use of such boards to be continued, and I am unable to find negligence in the omission to employ them in this ship.

Still, again, it is said the skins should have been covered with tarpaulin so as to protect them from sweat. Manifestly the only secure protection for these skins would have been to cover each bale with tarpaulin. This is done with some classes of goods by the shipper, not by the ship. The law casts no such burden on the ship. A shipper of skins for such a voyage as this is chargeable with knowledge that moisture in the air of the hold is one of the perils to which his goods may be exposed. He can, if he chooses, protect his skins against such moisture by covering each bale with tarpaulin, or he may omit that precaution, in which case he assumes the risk of the moisture being insufficient to damage his goods. The libellant, in this instance, saw fit to assume that risk, and, having lost, he cannot now shift the responsibility to the ship.

Lastly, it is said that the bales were stowed with the edges of the skins uppermost, and the flat towards the sides of the ship, and it is urged that, owing to this circumstance, the damage was far greater than it would have been if the edges of the skins had been stowed towards the sides of the ship. But while it is true that in this particular instance more moisture reached these skins from above than from the sides of the ship, under ordinary circumstances the skins would be more likely to receive damage on the side towards the side of the ship. It cannot, therefore, be held to have been negligence to stow these skins so as best to protect them from moisture coming from the sides of the ship. That the skins where so stowed sustained damage by sweat is owing to the extraordinary condensation of moisture which occurred, and not to any omission of the precautions ordinarily taken to protect the cargo from that kind of damage.

It has been strenuously urged that part of this cargo was jute, and jute rejections,—a coarse article,—the damage to which, if stowed where these skins were, would have amounted to a small sum, and that it was the duty of the master, therefore, to stow the jute under the stringer instead of the skins. The evidence, however, does not satisfactorily prove that the damage to the skins would have been

less than it was if they had not been stowed under the stringer; and, besides, the question is not whether some other place would not have been a fit place for the skins, but whether the place where they were stowed was fit. On the evidence in this case it cannot be held that under the stringer of this ship was an unfit place to stow cargo of this character.

For these reasons the libel must be dismissed, and with costs.